## NATHANIEL PAINE, Judge &c., *versus* HUTCHINS HAPGOOD, Executor &c.

Where the indorsement of a writ sued out in the name of the judge of probate, upon a probate bond, states that the action is brought for the benefit of an individual named, the judge of probate is not personally responsible for costs.

THIS was an action of debt, brought in the name of the judge of probate, upon the bond given by the defendant as executor of the will of Jonathan Grout, for the faithful performance of the trust. On the writ is indorsed, " This suit is commenced at the instigation and for the benefit of Oliver C. Brooks, of &c., who claims a distributive share of the estate of the late Jonathan Grout, in right of his deceased mother, who is a devisee and legatee in the said Grout's will." A nonsuit having been entered, the defendant moved that a judgment for costs should be entered up against the judge of probate personally.

*Hoar* and *Newton*, in support of the motion.   They cited *St.* 1786, *c.* 55, § 1, 2 ; *Paine* v. *Gill*, 13 Mass. R. 365 ; *Padelford* v. *Hall*, 2 Mass. R. 149 ; *Robbins* v. *Hayward*, 16 Mass. R. 524 ; *Coffin* v. *Jones*, 5 Pick. 61 ; *White* v. *Stanwood*, 4 Pick. 380.

*Merrick* for the plaintiff.

*Per Curiam.*   The question in this case is whether, by the true construction of the statute of 1786, *c.* 55, the plaintiff is personally responsible for costs.   Probably when this statute was framed, it was contemplated, that all suits on probate bonds would be brought for the benefit of some person other than the judge of probate, and it was intended to provide, that the party in beneficial interest should be the real party, both for the purpose of having execution in his own name, and being responsible for costs, and that such person should be designated and fixed by a special indorsement.   But it was found that there were some cases where such party could not be so designated, as where an administrator returns no inventory or refuses to account ; and there, upon proper application and allowance, a suit may be brought in the name of the judge, for the benefit of all persons interested in the estate.   And it has been often intimated, that the judge may, in such cases, be responsible for costs ; though no instance is recollected, where a judge of probate has been adjudged to pay costs.

In practice it has always been held, that the indorsement on the writ is the test.   If indorsed as being sued out for the benefit of any party in interest, he is considered to be the party bringing the action, and he is always allowed to proceed, without showing any authority from the judge of probate, because he claims, in effect, to sue in his own right ; and the party defendant must see in the outset that he has a responsible antagonist.

But it is said that here the indorsement is void, because it purports that the suit is brought for the benefit of a legatee, whereas a legatee is not entitled to sue in this form.   To this it may be answered, that if the objection were well-grounded, the defendant should have taken advantage of it *in limine* by plea in abatement or motion to dismiss the

action ; but by proceeding in the litigation, he has admitted the ability of the legatee to sue ; and recognised him as the real party plaintiff in the suit; and after this he cannot look for costs to the judge of probate, whose name is thus used merely for conformity

In the case before us, therefore, judgment for costs must be entered up against the person for whose benefit the suit was brought, as stated in the indorsement on the writ.